# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Durand Sinclair__
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30660

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that _____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

11/4/2013
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Durand Sinclair Order of Detention

Defendant is charged by way of federal criminal complaint with Felon in Possession of a firearm. Defendant is a 33 year old single father of three, with a baby on the way with his current girlfriend, Ms. Gilbert. Defendant has lived in the district for most of his life, and has a mother, and sister (Ms. Edith Sinclair) with whom he maintains regular contact, along with the mother of his older children, Ms. McClendon, in addition to Ms. Gilbert.

Defendant is unemployed with no assets and no liabilities, and last worked seasonally at a car wash beginning in 2011.

Defendant is currently under state supervision following a 2009 conviction for Felony Controlled Substance and Felon in Possession of a Firearm, and Felony Firearm. He was sentenced to 2 years confinement and 5 years probation on 3/2/09. As noted above, he is again charged in the instant case with felon in possession of a firearm.

Defendant was charged with Felony Firearm, Felony Assault With Dangerous Weapon, Felony Assault With Intent to Murder (three counts) and Felony Assault With Intent Great Bodily Harm Less than Murder and was sentenced on 1/12/2000 to 4 to 10 years confinement. That case was discharged on January 14, 2006.

Three years elapsed between his discharge from his first felony conviction and his second felony conviction. As stated above, he is still under state supervision when he was charged in the instant federal matter. He has now been violated twice by his state probation officer. Defendant's state probation officer was contacted and voiced concern regarding Defendant's continuing criminal lifestyle and activities while under supervision.

Specifically, Defendant has been under continuing close FBI surveillance from early 2012 until the present time. Defendant has been seen frequenting two drug houses, one on Pasadena in Highland Park, where Defendant owns the keys, and one house on Snowden, where Defendant maintained his residence in the City of Detroit. Search warrants were finally executed in April 2013 at both homes. At the Snowden address, a 12 guage shotgun was recovered from Defendant's closet hidden amongst his clothes, along with shot gun shells and $2525, and at the Pasadena house 15 bags of cocaine, along with quantities of heroin and marijuana were recovered in Defendant's presence. Defendant was apprehended and arrested at the Pasadena house.

Defendant was sentenced to 4 - 10 on his first felony conviction, and did the time. He came out and was then sentenced to 2 years and 5 years probation on his second felony conviction. Notwithstanding his two periods of significant incarceration, he has not been deterred from a lifestyle of drugs and weapons. Even while under state supervision, and in the face of his probation violations, Defendant's home and a drug house to which he had the keys were searched and drugs, cash, drug paraphernalia, a weapon and shotgun shells were found on the premises.

Defendant has failed to keep his state probation officer current on his places of residence. Defendant has given conflicting residential addresses to Pretrial Services, the FBI, his state probation officer, and the court, which has caused some confusion. To add to the confusion, his sister contradicted Defendant's statements regarding the address he gave to Pretrial Services. There remains some question about where he has been living and with whom, although Defendant ultimately attempted to explain away the contradictions in the courtroom.

Defendant asks for a bond with conditions, including third party custody to his girlfriend, Ms. Gilbert. Pretrial Services believes strongly that third party custody would not be appropriate, is not a viable option, and this Court agrees.

Pretrial Services recommends detention for the following reasons: 1) Defendant's dangerous lifestyle while under supervision, 2) the pending charges (with the state violation of probation pending), 3) background information is conflicting, 4) prior arrests and convictions and 5) criminal activity while under supervision.

This Court agrees that there is clear and convincing evidence that establishes that Defendant is a danger to the community, based upon the above. This Court also agrees that there is a some evidence that argues in favor of Defendant being a flight risk (the uncertainty of his residence and his activities at the Snowden residence). Most importantly, however, is Defendant's continued immersion in a dangerous lifestyle which includes drugs and weapons which flaunts the conditions of supervision imposed by his state court probation officer. This Court has no confidence that if given a bond with conditions, that this Defendant could or would abide by the orders of this Court....his past performance under supervision is the best measure of his ability to comply with conditions of any bond set by this Court.

Accordingly, there is no condition or combination of conditions which would assure the safety of the community or Defendant's appearance in Court. Therefore, Detention is Ordered.